**SO ORDERED.**

**SIGNED this 24th day of May, 2012.**




Robert E. Nugent
United States Chief Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

IN RE:                              )
                                    )
NORMAN E. MICK and                  )
BETTY J. MICK,                      )        Case No. 11-13667
                                    )        Chapter 13
                  Debtors.          )
_____)

### ORDER OVERRULING CREDITOR KEVIN CLINE'S OBJECTION TO
### CONFIRMATION OF PLAN AS UNTIMELY

Fed. R. Bankr. P. 3015(f) requires creditors to file their objections to a debtor's chapter 13 plan before the confirmation hearing. The form notice of bankruptcy issued in this district clearly states that these objections must be filed no later than 10 days before the hearing.[1] Kevin Cline filed his confirmation objection nearly 20 days after the confirmation hearing. He has filed no proof of claim and the bar date has passed. His confirmation objection should be overruled as untimely.

---

[1] Dkt. 6.

Debtor Betty Mick is the Ottawa County Attorney. In December of 2010, Kevin Cline sued her and the Board of County Commissioners of that county in state court for a variety of intentional torts arising out of his arrest and detention in the county jail.[2] During the pendency of that state court case, and shortly before it was to be pre-tried, Ms. Mick filed this chapter 13 case on December 1, 2011. On December 2, 2011, the Court issued a combined notice advising that she had filed a chapter 13 plan, that her first meeting of creditors would be held on December 28, 2011, and that her plan confirmation hearing would be conducted on February 8, 2012.[3] The notice clearly stated that non-governmental creditors had until March 27, 2012 to file their claims and that objections to confirmation were to be filed not later than 10 days before the confirmation hearing.[4] The tenth day before February 8, 2012 was Sunday, January 29, 2012. Only the chapter 13 trustee filed an objection within this time period.[5] The Court convened the initial confirmation hearing on February 8 and was advised that the parties needed to exchange information; on the strength of that advice, Judge Somers passed confirmation to March 7, 2012.[6] Only on February 24, 16 days after the first confirmation hearing, and 26 days after the 10 day objection deadline had expired, did Kevin Cline file an objection to confirmation.[7] That same day Cline's attorney filed his entry of appearance and

---

[2] Dkt. 21-1.

[3] Dkt. 6.

[4] *Id.*

[5] *See* Dkt. 16, filed January 10, 2012 and asserting a disposable income objection under § 1325(b).

[6] *See* Docket text entry dated February 8, 2012 continuing hearing. Neither Kevin Cline nor his attorney appeared at the February 8 confirmation hearing.

[7] Dkt. 21.

-2-

request for notice.[8] He has never filed a proof of claim.[9]

Cline objects that Mick did not file her plan in good faith. He contends that her case was filed to avoid the trial of his state court action against her and that this offends good faith. He also argues that the plan does not meet the liquidation test of § 1325(a)(4) and that, upon his receiving a successful verdict in Ottawa County, Ms. Mick's debts will exceed the statutory maximums outlined in § 109(e). At the second confirmation hearing in March, Judge Somers set this matter to a scheduling conference before me. On May 17, 2012, I issued a scheduling order setting Cline's objection for evidentiary hearing in August, 2012. Upon reflection, however, I have concluded that Cline's objection is untimely and should not stand as a bar to confirmation in this case, particularly when he has not filed a claim and would not participate in any plan distribution anyway.

Fed. R. Bankr. P. 3015(f) provides that an objection to the confirmation of a chapter 13 plan must be filed "before the confirmation hearing." Numerous courts apply objection deadlines of specific duration in local rules, standing orders, or prescribed forms.[10] The ten-day deadline imposed in this District is conspicuously disclosed on the notice and was imposed by the judges of the district to allow preparation and negotiating time between the receipt of objections and the date of the hearing. Even if the ten-day deadline is not dispositive, the Rule 3015(f) "date of the hearing" deadline is. If a creditor does not object prior to the confirmation hearing, the objection is untimely,

---

[8] Dkt. 20. This filing suggests to the Court that Cline sat on his rights and delayed consulting with an attorney to represent him in Mick's bankruptcy.

[9] There is no suggestion of lack of notice on Cline's part and the Court notes that Mick scheduled Cline's claim in an unknown amount and Cline appears on the creditor matrix.

[10] Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION § 220.1[4], Sec. Rev. June 11, 2004, www.Ch13online.com. *See In re Lewis*, 93 B.R. 462 (Bankr. S.D. Miss. 1987). *Accord Green Tree Fin. Servicing, Corp. v. Karbel (In re Karbel)*, 220 B.R. 108 (B.A.P. 10th Cir. 1998).

and barring some request to extend the time or to object out of time, the objection should not be entertained. To allow "rolling" objections after the first hearing on confirmation even where the hearing is continued for further proceedings would be inefficient not to mention unwieldy.[11] All of the parties should be able to leave the first hearing on confirmation knowing who the combatants will be when the adjourned hearing is resumed.[12]

Cline's inaction in this case is troubling. He has filed no claim and will receive no distribution under a confirmed plan. He has failed to seek stay relief to pursue his case in state court, something this court routinely permits when pre-filing litigation is close to trial and its resolution could assist this court in liquidating a creditor's claim. Of the three grounds for his objection, two are untenable. The third, relating to lack of good faith, may or may not have merit but, like the other two, is too late.

Cline's objection was filed well after the February 8, 2012 hearing on confirmation; it is untimely and therefore is OVERRULED. The Court's scheduling orders and the evidentiary hearing set for August 14, 2012 are stricken. Confirmation of the chapter 13 plan in this case and the

---

[11] The fact that the confirmation hearing was continued does not save Cline's procrastination. Confirmation was continued on the trustee's disposable income objection, the only objection before the Court at the time of the continuance. The contents of the plan did not change and Cline's purported good faith objection was as relevant when the plan was filed as when the initial confirmation hearing was held. *See In re Carbone,* 254 B.R. 1 (Bankr. D. Mass. 2000) (deadline for objecting to confirmation of chapter 13 plan that ran from the date first set for the meeting of creditors was not extended and did not save late objection when the meeting of creditors was rescheduled); *In re Duncan,* 245 B.R. 538 (Bankr. E.D. Tenn. 2000) (local bankruptcy rule setting objection deadline as prior to conclusion of meeting of creditors referred to initial meeting of creditors; time to object was not reopened by calling a second meeting of creditors).

[12] This statement would not apply were a plan to be amended in a way that materially changed the treatment of the objecting party.

Trustee's objection thereto is set over to June 13, 2012 at 1:30 pm.

# # #